**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**WILLIAM GOFF AND TEENA GOFF**

**VERSUS**

**ALLSTATE INSURANCE COMPANY**

**CIVIL ACTION**

**NO. 18-689-JWD-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 28, 2018.

_____
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**WILLIAM GOFF AND TEENA GOFF**

**VERSUS**

**ALLSTATE INSURANCE COMPANY**

**CIVIL ACTION**

**NO. 18-689-JWD-EWD**

### ORDER AND RECOMMENDATION

Before the Court is a Motion to Consolidate (the "Motion to Consolidate") filed by plaintiffs, William and Teena Goff ("Plaintiffs") seeking to consolidate this suit and *William Goff and Teena Goff*, Civil Action No. 18-705, United States District Court, Middle District of Louisiana (the "18-705 Action"). Because the only remaining claims in either suit arise under state law, the undersigned recommends that the Motion to Consolidate be **GRANTED**, but that, following consolidation, the court decline to exercise jurisdiction and **REMAND** both cases.

The above-captioned suit was removed to this Court on June 26, 2018 based on federal diversity subject matter jurisdiction.[1] On July 20, 2018, the 18-705 Action was removed to this Court based on federal question subject matter jurisdiction.[2] On August 15, 2018, Plaintiffs filed the instant Motion to Consolidate.[3] Therein, Plaintiffs assert that the parties are the same in both actions, that both causes of action arise out of the same set of operative facts and circumstances, and that defendant, Allstate Insurance Company ("Defendant"), has no opposition to the proposed consolidation.[4]

Following the filing of the Motion to Consolidate, the parties jointly moved to dismiss the 18-705 Action, asserting that "all disputes, claims and causes of action at dispute in this present

---

[1] 18-689, R. Doc. 1.

[2] 18-705, R. Doc. 1.

[3] 18-689, R. Doc. 10.

[4] 18-689, R. Doc. 10.

1

case, captioned above, have been amicably resolved between Plaintiffs and Defendant in Defendant's capacity as a WYO flood insurance carrier only" and that all "remaining state law claims against Allstate Insurance Company in its capacity as a private insurance company" were reserved.[5]  The District Judge entered an Order granting the joint motion to dismiss on September 7, 2018.[6]

Because it was unclear what the effect of the September 7, 2018 order granting the joint motion to dismiss in the 18-705 Action was on the pending Motion to Consolidate, the parties were ordered to file a Joint Notice stating: (1) the effect of the September 7, 2018 order granting the joint motion to dismiss on the Motion to Consolidate; and (2) the status of Civil Action No. 18-689 in light of the September 7, 2018 order granting dismissal in the 18-705 Action.[7]  On September 26, 2018, Plaintiffs and Defendant filed a Joint Notice wherein they asserted that "state law claims remain relevant and viable in both cases" and that "[c]ounsel for Plaintiffs and Defendant have discussed and agree that the Motion to Consolidate is still relevant and sensible and the parties consent to the consolidation…."[8]  Per the Joint Notice, the parties "respectfully request this Court grant the Motion to Consolidate, originally filed by Plaintiffs, subject to the Court's dismissal of the portion of the claims which relate to Defendant's capacity as a WYO flood insurance carrier."[9]

Based on both the parties' representations and the undersigned's review of the record in both actions, the instant suit and the 18-705 Action deal with Defendant's adjustment of insurance claims related to property owned by Plaintiffs that sustained various damages in August 2016.

---

[5] 18-cv-705, R. Doc. 8, p. 1.

[6] 18-cv-705, R. Doc. 9.

[7] 18-689, R. Doc. 18.

[8] 18-689, R. Doc. 19.

[9] 18-689, R. Doc. 19.

Considering the common questions of fact present in both actions, the undersigned finds that consolidation of the 18-705 Action and the instant suit should occur.[10] However, in light of the parties' representation that only state law claims remain relevant and viable in both cases, as well as the dismissal of Plaintiff's claims against Defendant in Defendant's capacity as a WYO flood insurance carrier, the undersigned recommends that following consolidation, this Court decline to exercise supplemental jurisdiction of the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).[11]

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Motion to Consolidate[12] be **GRANTED**, and that Civil Action 18-705-JWD-EWD be consolidated with Civil Action No. 18-689-JWD-EWD.

**IT IS FURTHER RECOMMENDED** that, following consolidation, this Court decline to exercise supplemental jurisdiction over the only remaining claims, which arise under state law, and that these suits be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on September 28, 2018.

_____
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] FRCP 42(a)(2)) provides that "[i]f actions before the court involve common questions of law or fact, the court may…(2) consolidate the actions…." "A trial court has broad discretion in determining whether to consolidate a case pending before it." *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989).

[11] "The district courts may decline to exercise supplemental jurisdiction over a claim…if – (3) the district court has dismissed all claims over which it has original jurisdiction."

[12] 18-689, R. Doc. 10.